## PEOPLE v. RITCHIE

CRIMINAL LAW—SENTENCE—PSYCHIATRIC REPORT—RIGHT OF DEFENDANT TO EXAMINE—APPEAL AND ERROR.

> Defendant's contention on appeal that he should have been allowed to examine a psychiatric report before it was considered in sentencing him will not be considered by the Court of Appeals where it was not properly preserved for appellate review because no request to examine it appears in the record.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 May 13, 1969, at Detroit. (Docket No. 6,589.) Decided June 24, 1969.

Delmar Ray Ritchie was convicted, on his plea of guilty, of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Kenneth P. Frankland,* for defendant on appeal.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

REFERENCES FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 545.
21 Am Jur 2d, Criminal Law § 527.

PER CURIAM. Defendant pled guilty to the second count of an amended information charging robbery unarmed contrary to CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798). A timely claim of appeal is grounded on the contention that the plea was involuntary as a matter of law; that the examination of the defendant as to the facts of the crime fails to disclose a necessary element of the offense; that the lower court arbitrarily determined sentence without affording defendant a full and complete hearing on possible mitigating factors; and that defense counsel was not permitted to review the report of a court-appointed psychiatrist. The appellee has filed a motion to affirm the conviction.

The first three questions raised are clearly refuted by the record. By the defendant's own admissions the plea to the second count of the amended information was not induced by promises of leniency. No factual basis to the contrary has been presented. The examination of the defendant as to the facts of the crime demonstrate the commission of the offense charged. At the sentence proceeding defense counsel was given every opportunity to present mitigating circumstances and, in fact, was encouraged to do so by the trial judge.

The final contention of the defendant is not preserved for appellate review. No request to examine the psychiatric report is apparent from the record. It is manifest that the questions presented here, on appeal, are unsubstantial and require no argument or formal submission.

The motion to affirm the conviction is granted.